UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

BROWN ADVISORY SECURITIES, LLC,)
)
*Plaintiff and Counter-Defendant*, )    CASE NO.    15-144 Erie
)
v. )
)    ORDER GRANTING MOTION TO
)    EXCLUDE EXPERT TESTIMONY
)    OF RONALD HEAKINS
DENNIS AND PATRICIA TRAPANI, )
)
*Defendants and Counter-Plaintiffs* )
_____)

## I.    INTRODUCTION

Before the Court is a Motion to Exclude Expert Testimony of Ronald Heakins filed by Plaintiff and Counter-Defendant Brown Advisory Securities, LLC ("BAS"). Dkt. No. 65. Defendant and Counter-Plaintiffs Dennis and Patricia Trapani oppose the motion. Dkt. No. 68. Having reviewed the parties' arguments, the relevant legal authority, and the record of this case, the Court will grant the motion. The reasoning for the Court's decision is set forth below.

## II.    BACKGROUND

In 2014, the Trapanis filed a claim with the Financial Industry Regulatory Authority ("FINRA") against BAS related to a brokerage account they owned that was managed by a BAS broker. Thereafter, BAS filed the instant lawsuit seeking a declaratory judgment and injunction barring the Trapanis from proceeding with the arbitration before FINRA. BAS argues that the Trapanis are contractually precluded from maintaining the FINRA arbitration pursuant to two agreements the Trapanis executed in 2009 and 2012. According to BAS, the 2009 and 2012

agreements require the Trapanis to bring their claims in a JAMS arbitration proceeding in New York.

The Trapanis recently disclosed an expert witness, Ronald Heakins, who they claim will opine on "the suitability of the strategies and procedures employed by BAS, in light of industry standards and the Trapanis' investment experience and risk tolerance[.]" Dkt. No. 68 at 6. BAS moves to preclude the Trapanis from introducing into evidence or otherwise relying upon Mr. Heakins' testimony in this case. BAS argues that the only issue before this Court—whether the Trapanis are contractually precluded from maintaining the FINRA arbitration—is a question of law, which is not a proper subject of expert testimony. BAS further argues that the legal conclusions that Mr. Heakins' maintains in his report are wholly irrelevant to the issue before this Court. Lastly, BAS points out that the report fails to comply with the disclosure requirements of Rule 26(a)(2)(B).

The Trapanis counter that Mr. Heakins' testimony will aid this Court "in understanding the evidence and in determining an issue in the case—namely, the identification of independent actions taken by BAS at a point in time that BAS was still advising the Trapanis." Dkt. No. 68 at 6.

### III. DISCUSSION

#### A. Legal Standard

Federal Rule of Evidence 702 governs the admissibility of expert testimony. *McCullough v. Northwestern Mut. Life Ins. Co.*, 2007 WL 7647481 *1 (W.D. Pa. July 25, 2007). It places the court in the role of "gatekeeper" to ensure that "'any and all [expert] testimony … is not only relevant, but also reliable.'" *Romero v. Allstate Ins. Co.*, 52 F. Supp. 3d 715, 722 (E.D. Pa. 2014) (quoting *Kumbo Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 147 (1999) (quoting *Daubert v.*

*Merrell Dow Pharmaceuticals, Inc*., 509 U.S. 579, 589 (1993))). "Rule 702 mandates 'three distinct substantive restrictions on the admission of expert testimony: qualifications, reliability and fit.'" *Brill v. Marandola*, 540 F. Supp. 2d 563, 566 (E.D. Pa. 2008) (quoting *Elcock v. Kmart Corp*., 233 F.3d 734, 741 (3d Cir. 2000)). The party offering an expert bears the burden of demonstrating that the proffered testimony meets each of the three requirements of Rule 702 by a preponderance of the evidence. *See Brill*, 540 F. Supp. 2d at 566 (citing *Padillas v. Stork-Gamco, Inc*., 186 F.3d 412, 418 (3d Cir. 1999)).

### B. The Trapanis Have Not Met Their Burden under Rule 702

The parties concede that the sole issue before this Court is a legal question: whether the Trapanis are contractually precluded from maintaining the FINRA arbitration. *See* Dkt. No. 61. It is axiomatic that questions of law are not proper subjects of expert testimony. *VIM, Inc. v. Somerset Hotel Ass'n*, 19 F. Supp. 2d 422, 428 n. 4 (W.D. Pa. 1998); *Coregis Inc. Co. v. City of Harrisburg*, 2005 WL 2990694, at *2 (M.D. Pa. Nov. 8, 2005) (quoting *In re Initial Public Offering Lit*., 174 F. Supp. 2d 61, 64 (S.D.N.Y. 2001)) ("In fact, every circuit has explicitly held that experts may not invade the court's province by testifying on issues of law."). This prohibition extends to expert testimony on the construction of a contract and application of that construction to the claim. *Gallatin Fuels, Inc. v. Westchester Fire Ins. Co*., 410 F. Supp. 2d 417, 421 (W.D. Pa. 2006) (granting motion to exclude expert opinion on the issue of contract construction because the opinion was an impermissible legal conclusion); *Adani Exports Ltd. v. AMCI (Export) Corp*., 2008 WL 4925647, at *5 (W.D. Pa. Nov. 14, 2008) (granting motion to exclude expert testimony that interpreted parties' contract because "contract interpretation is not the function of an expert").

The Trapanis "do not contest that it would be inappropriate for Mr. Heakins" to address "the legal question of 'arbitrability.'" Dkt. No. 68 at 5. However, the Trapanis argue, that is not the purpose of Mr. Heakins' testimony. Instead, according to the Trapanis, "Mr. Heakins' testimony assists the trier of fact by pointing to independent actions taken by BAS at a point in time that BAS, and its employee, were managing the Trapanis [*sic*] account, and which render BAS responsible under FINRA." *Id*.

This Court has reviewed Mr. Heakins' report. In it, Mr. Heakins' opines on the suitability of the Trapanis' investments and whether their advisor handled their account properly. The Trapanis do not demonstrate how these issues are relevant to the issue of arbitrability, the only issue before this Court. As such, they have not met their burden under Rule 702 and Mr. Heakins' testimony is inadmissible. *Brill*, 540 F. Supp. 2d at 567.

What is more, Mr. Heakins' report does not comply with several of the disclosure requirements under Federal Rule of Civil Procedure 26(a)(2)(B). The report does not disclose the facts or data that Mr. Heakins considered in forming his opinions. Nor does it disclose his compensation, a list of all publications authored by him in the previous ten years, or a list of all other cases in which he has testified as an expert at trial or deposition in the previous four years. Finally, Mr. Heakins' report is neither notarized nor submitted under penalty of perjury pursuant to 28 U.S.C. § 1746. *Cf. Ray v. Pinnacle Health Hosps., Inc*., 416 F.App'x 157, 164 n. 8 (3d Cir. 2010) (recognizing that "[u]nsworn declaration may substitute for sworn affidavits where they are made under penalty of perjury and otherwise comply with the requirements of 28 U.S.C. § 1746).

The Trapanis concede that Mr. Heakins' report fails to comply with the Rule 26 disclosure requirements and they request that they be allowed to file a supplemental report to

4

cure those deficiencies. The request is denied. A supplemental report would serve no purpose because, as discussed above, Mr. Heakins' opinions are improper and irrelevant to the only issue before this Court.

### IV. CONCLUSION

For the foregoing reasons, the Court HEREBY GRANTS BAS' motion to exclude Mr. Heakin's expert testimony and precludes the Trapanis from relying upon the testimony in the proceeding before this Court.

Dated this 30th day of September, 2016.

*Barbara J. Rothstein*
Barbara Jacobs Rothstein
U.S. District Court Judge